# EXHIBIT F

```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NEW YORK

                                     .
Rita Dave,                           .  Docket #CV-15-3864 (JMA)(GRB)
                                     .
        Plaintiff,                   .
                                     .  United States Courthouse
             V.                      .  Central Islip, New York
                                     .  November 17, 2016
The County of Suffolk,               .  2:44 p.m.
et al.,                              .
                                     .
        Defendants.                  .
. . . . . . . . . . . . . . . . . . .


             TRANSCRIPT OF TELEPHONE CONFERENCE
             BEFORE THE HONORABLE GARY R. BROWN
                UNITED STATES MAGISTRATE JUDGE


   APPEARANCES:

   For The Plaintiff:         Chaya M. Gourarie, Esq.
                              Law Office of Jon. L. Norinsberg
                              225 Broadway-Ste. 2700
                              New York, NY 10007

   For The Defendants:        Kyle O. Wood, Esq.
                              Suffolk County Department of Law
                              100 Veterans Memorial Hwy.
                              P.O. Box 6100
                              Hauppauge, NY 11788

   Audio Operator:

   Transcribing Firm:         Writer's Cramp, Inc.
                              63 Dakota Drive
                              Hamilton, NJ 08619
                              609-588-8043

   Proceedings recorded by electronic sound recording, transcript
   produced by transcription service.
```

                                                                    15

1    want the Grand Jury minutes.  So yes, we're shooting in the
2    dark to a certain degree as well.
3              THE COURT:  Right, so you haven't seen it either.
4    Okay, so that's great.  I may have seen it in the sense that
5    it's been sent to me.  I will tell you -- and in all fairness,
6    although I'm familiar a bit with it, I don't remember the
7    details.  But, you know, assume for the -- and so -- because I
8    don't remember and neither of you have seen it, we can sort of
9    posit hypotheticals.  You know, assume for the purposes of the
10   question, that the Grand Jury proceeding was conducted in a
11   way that was woefully inadequate.  Doesn't counsel have the
12   right to explore that then, if you're going to argue that
13   there was a presumption that it was sort of normal and
14   reasonable and a finding of probable cause, when there could
15   have been things that were woefully inadequate in the presence
16   of the investigator that we're talking about?
17             MR. WOOD:  Well, Judge, I would say, looking at the
18   cases that I've been able to read and actually sort of digest
19   to a certain degree, it actually isn't the inadequacy, it more
20   goes to if there is sort of bad conduct done by the
21   investigators or the prosecutors.  In other words, that there
22   is perjury or misleading statements or false statements
23   provided, or, you know, certain Brady violation type things
24   done.  That seems to be what actually the Courts have held --
25   has held would undermine the presumption, not that a certain

16

1  element was missing.  Now the same thing as a sliding scale, I
2  think there is a case out there that said, as the Court I
3  think correctly has pointed out, that there was sort of no
4  evidence that the person should have been indicted, and in
5  that instance I think they said that presumption should not
6  apply.  But I know a number of cases where some of the
7  elements were met but something wasn't that they determined
8  that the presumption still applied with respect to being able
9  to defend on a 1983 for malicious prosecution.
10             THE COURT:  Right, but again, Mr. Wood, I'm not --
11 and I know you're very focused on the kind of -- the end game,
12 right?  My question is, and Plaintiff's counsel is going to
13 ask me to release the Grand Jury minutes, particularly given
14 the sort of flux of the case law and everything you're talking
15 about.  Don't I have to, so she can make sure that there's no
16 perjury, there's no Brady violation?  I mean, In other words,
17 I may not even be in a position --
18             MR. WOOD:  No, Judge.  I mean, I think you could
19 review the minutes and make the determination yourself as to
20 their --
21             THE COURT:  Well, I'll say this:  having been a
22 prosecutor for some time, you know, Brady violations are
23 fairly fact specific things, right.  So I may not have all the
24 data I need to know whether or not -- you know, what do you
25 know about that witness?  Oh, nothing; he's fine.  And, you

1  certainly think there may be a middle ground in the sense that
2  the County could agree, because we can't argue that Judge
3  Efman didn't decide this on December 9th, right, he decided
4  this.  What does it mean to say that?  I don't know.  I do
5  think -- look, if we think about it this way, Mr. Wood, it
6  will be impossible for you to argue that everything was great
7  in front of the Grand Jury if you never see the material
8  either, right.  I don't think you'll have that factual
9  argument available to you because you don't know what it is.
10  All you'll be able to say is the investigator will say, well,
11  we -- you know, whatever happened happened in front of the
12  Grand Jury, we got the Indictment and we acted on it.  Does
13  that work, or doesn't that work?  I don't know.  What I can
14  say is if you want to not kind of prejudge the issue, we could
15  agree that we could resolve the Grand Jury issue by saying
16  attached is a copy of Judge Efman's decision which both
17  parties agree was issued by the Court on December 9th.  Agree
18  to the admissibility of it or something, right.  You could
19  decide to use that to foreclose further inquiry here.  If you
20  can't reach an agreement, then I'll just decide the motion
21  using the legal standards for deciding when Grand Jury
22  materials are released.  I will say this:  the first step
23  there, in my view, out of a sense of comity -- not comedy, ha
24  ha, but comity, respect for the State Court -- is to yield to
25  the State Court.  Well, that option isn't available to me