# DAVID B. SHANIES LAW OFFICE

411 Lafayette Street<br>
Sixth Floor<br>
New York, New York 10003<br>
*t: (212) 951-1710*<br>
*f: (212) 951-1350*<br>
www.shanieslaw.com

June 10, 2020

The Honorable Steven L. Tiscione
United States Magistrate Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Dave v. County of Suffolk et al.*, 15-cv-3864 (JMA) (ST)

Dear Judge Tiscione:

      I write on behalf of Plaintiff Rita Dave, pursuant to Federal Rule of Civil Procedure 37, Local Rule 37.3, and Your Honor's Individual Practice Rule III(A), for an order compelling Defendant Lawrence Shewark to make his mobile device available for an independent forensic examination to recover deleted text messages that he exchanged with non-party Ernesto Pizarro. To the extent that such messages are not recoverable from Defendant Shewark's device, Plaintiff respectfully requests that the Court order forensic analysis of Mr. Pizarro's mobile device. I have spoken numerous times by phone with Defendant Shewark's counsel, Cheryl Berger, Esq., in an effort to resolve the issue of the deleted text messages, and Ms. Berger has informed me that Defendant Shewark will not produce the missing messages or make his device available for an independent forensic examination. Ms. Berger also refused our request that counsel take possession and/or create a forensic image of Defendant Shewark's device to prevent further spoliation of evidence.

      As the Court will recall, Plaintiff is conducting discovery concerning information that Defendant Shewark may have engaged in witness tampering by soliciting Mr. Pizarro to contact Plaintiff's expert, retired New York State Police Investigator David Douglas, and discourage him from testifying against a fellow police officer. At the outset of that discovery, in March 2019, Plaintiff served discovery requests on Defendant Shewark and a Rule 45 subpoena on Mr. Pizarro. (*See* Ex. 1 (Pl.'s Suppl. Interrogs. and Reqs. for Produc. of Docs.); Ex. 2 (Pizarro Subpoena).)

      Defendant Shewark responded to Plaintiff's discovery requests in April 2019. (*See* Ex. 3 (Shewark Apr. 2019 Resps.).) In his responses, Defendant Shewark represented that he communicated with Mr. Pizarro "via his cell phone . . . in July and August of 2018." (*Id.* at 4.) Defendant Shewark produced heavily redacted cell phone records reflecting three phone calls with Mr. Pizarro during that period. (*See id.* at 10-12.) The redacted records *did not reflect any text messages* exchanged with Mr. Pizarro.

      In June 2019, Mr. Pizarro emailed responses to Plaintiff's Rule 45 subpoena. (*See* Ex. 4 (Pizarro June 2019 Resps.).) The responses included a spreadsheet reflecting numerous phone calls to

Letter to the Honorable Steven L. Tiscione                                June 10, 2020

and from Defendant Shewark on August 9, 2018, and *two text messages* exchanged with Defendant Shewark on August 10, 2018. (*Id.* at 2.) In his email, Mr. Pizarro wrote, "As for the text messages with [Shewark] there were two but I do not have the content of the texts." (*Id.* at 1.)

Shortly thereafter, in July 2019, Plaintiff served Rule 45 subpoenas on Defendant Shewark's telecommunications providers for his phone records. (*See* Ex. 5 (Phone Records Subpoenas).) Upon Defendant Shewark's counsel's request, Plaintiff agreed to allow the Suffolk County Attorney's Office to receive and review the subpoenaed records before Plaintiff received them. The phone records – which defense counsel did not disclose to Plaintiff until November 2019 – demonstrate that Defendant Shewark called Mr. Pizarro on August 9, 2018 and that the two men exchanged two text messages the following day. (*See* Ex. 6 (Shewark Nov. 2019 Resps.).) Given the timing of those communications and Mr. Pizarro's deposition testimony that Defendant Shewark initiated their communications about Mr. Douglas, (*see* Ex. 7 (Pizarro Dep. Tr.) at 44:8-20), there is ample reason to believe that these text messages relate to those discussions.

Upon receiving the phone records, Plaintiff immediately requested that Defendant Shewark produce the text messages and preserve "[a]ll devices, documents, and data." (*See* Ex. 8 (Emails) at 4.) Those demands went ignored for several months. When Plaintiff reiterated the requests in April 2020, defense counsel insisted, erroneously, that discovery was closed. (*Id.* at 2-3.) She then informed Plaintiff that Defendant Shewark deleted the messages from his mobile device. Counsel said that Defendant Shewark was willing to provide a sworn statement that he deleted the messages before receiving Plaintiff's March 2019 discovery requests. I pointed out to counsel, however, that Mr. Shewark should not have deleted the text messages regardless, both because that is spoliation and because the text messages were responsive to Plaintiff's requests served during fact discovery (seeking, among other things, all documents concerning Ms. Dave). In follow-up correspondence, I asked Ms. Berger whether Mr. Shewark would include in the sworn statement she proposed a representation that the deleted messages do not pertain to Mr. Douglas. Counsel demurred.

Mr. Pizarro testified that he also deleted the two text messages from his own mobile device. (*See* Ex. 7 (Pizarro Dep. Tr.) at 56:22-57:4.) At his deposition on April 20, 2020, Mr. Pizarro testified that he "regularly" deletes his text messages, (*id.* at 56:10-14), and that he "clean[s] out" from his phone "things that I don't think are useful to me," (*id.* at 55:12-14). Contrary to that claim, however, when later asked about his text message communications with another individual (the intermediary through whom he contacted Mr. Douglas), Mr. Pizarro looked at his phone and said it contained texts with that individual going back to December 25, 2018. Although they had exchanged messages prior to that date, Mr. Pizarro testified that he deleted those earlier messages per his "habit" of "deleting older texts." (*Id.* at 62:9-63:21.) Notably, despite his alleged "habit" of regularly deleting text messages, Mr. Pizarro had not deleted his messages with the intermediary in the previous year-and-a-half period. Equally notably, the last time Mr. Pizarro "clean[ed] out" his texts with the intermediary was just after the period when he communicated with Mr. Shewark and Mr. Douglas.

Although the two text messages between Defendant Shewark and Mr. Pizarro have apparently been deleted from both their mobile devices, they may still be recoverable through specialized mobile device forensics. *See, e.g.*, Joseph B. Evans, *Cell Phone Forensics: Powerful Tools Wielded by Federal Investigators*, Fordham J. of Corp. & Fin. L. (2016) (available at https://news.law.fordham.edu/jcfl/2016/06/02/cell-phone-forensics-powerful-tools-wielded-by-federal-investigators). Plaintiff has repeatedly asked Defendant Shewark to make his mobile device available for forensic examination, but Mr. Shewark, through his counsel, has refused. Plaintiff also asked

Letter to the Honorable Steven L. Tiscione							June 10, 2020

defense counsel to take custody of the phone and/or have it forensically "imaged" as soon as possible, to avoid the further destruction of data, but counsel refused that request as well.

Rather than comply with his discovery obligations, Defendant Shewark now argues, incredibly, that Plaintiff should have requested the text messages at an earlier date. Defendant Shewark conveniently ignores that Plaintiff's discovery requests – including both the original requests issued in July 2017 and the supplemental requests issued in March 2019 – expressly demanded production of any written communications that Defendant Shewark exchanged with any other person concerning this action, which includes text messages with Mr. Pizarro about Mr. Douglas. (*See, e.g.*, Ex. 9 (Pl.'s First Set of Interrogs.) at 5 ("Identify all documents prepared by Defendant Shewark relating to Ms. Dave."); Ex. 10 (Pl.'s First Req. for Produc. of Docs.) at 20 ("All documents identified in the accompanying interrogatories."); Ex. 1 (Pl.'s Suppl. Interrogs. and Reqs. for Produc. of Docs.) at 5 ("Identify each person with whom Defendant Lawrence Shewark spoke, emailed, texted, and/or communicated with in any form concerning this action, including, but not limited to, communications regarding potential experts in this matter. . . . All Documents constituting or concerning communications with any person from or to Lawrence Shewark concerning Rita Dave, Ernesto Pizzaro, . . . and/or David Douglas, including, but not limited to: emails, text messages, instant messages, voice messages, or any other written or electronic material.").) They also required Defendant Shewark to supplement his responses, (Ex. 9 (Pl.'s First Set of Interrogs.) at 4; Ex. 10 (Pl.'s First Req. for Produc. of Docs.) at 1-2; Ex. 1 (Pl.'s Suppl. Interrogs. and Reqs. for Produc. of Docs.) at 1-2), a requirement to which Defendant Shewark never objected. *See* Fed. R. Civ. Proc. 26(e)(1)(A).

Defense counsel has argued during our discussions that Plaintiff's request for forensic analysis of Mr. Shewark's device is improper because Plaintiff has allegedly made no effort to obtain the text messages from Mr. Pizarro. That argument is without any merit. Defendant Shewark, as a defendant in this action, is the appropriate party from whom to seek the messages. Courts have routinely held that where an opposing party and a non-party both possess documents, the documents should be sought from the party to the case. *See, e.g.*, *Catlin Syndicate 2003 v. Traditional Air Conditioning, Inc*., No. 17-CV-2406 (JFB) (AYS), 2018 U.S. Dist. LEXIS 48859, at *20 (E.D.N.Y. Mar. 23, 2018) (quashing non-party subpoena as unduly burdensome where document could have been requested from party). Moreover, contrary to Defendant Shewark's assertions otherwise, Plaintiff tried to obtain the messages from Mr. Pizarro.

For the foregoing reasons, Plaintiff respectfully requests that the Court order Defendant Shewark to make his mobile device available for independent forensic analysis, and, to the extent that the text messages at issue are no longer recoverable from his device, that the Court order forensic examination of Mr. Pizarro's device. Depending on the results of such forensic examination(s), Plaintiff may further request to depose Defendant Shewark on the issues of witness tampering and the deleted text messages. Because this effort is made necessary by Mr. Shewark's improper deletion of electronic data, Defendant Shewark should bear the costs of this analysis as well as fees incurred in litigating this spoliation issue. Plaintiff proposes that the parties confer and attempt to agree on protocols for an independent forensic examination of the mobile device as soon as possible.

					Respectfully Submitted,

					*/s/ David W. Shanies*

					David B. Shanies