# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RITA DAVE,

                    Plaintiff,

— against —

THE COUNTY OF SUFFOLK, DETECTIVE INVESTIGATOR LAWRENCE SHEWARK, P.O. JANE DOE, AND P.O.S JOHN DOE #1-10,

                    Defendants.

Case No. 15-CV-3864 (JMA) (GRB)

**PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS PROPOUNDED TO DEFENDANTS**

      PLEASE TAKE NOTICE that, pursuant to the Federal Rules of Civil Procedure ("FRCP"), including Sections 26, 33, and 34 thereof, Plaintiff Rita Dave propounds to Defendants Lawrence Shewark and County of Suffolk the following interrogatories ("Interrogatories") and requests for production of documents, electronically stored information, and tangible things ("RFPs") (together with the Interrogatories, the "Requests").  Plaintiff requests that each Defendant answer under oath, separately as to each, this First Set of Interrogatories, and produce said verified interrogatory responses to the attorneys for Plaintiff, David B. Shanies Law Office, 411 Lafayette Street, Sixth Floor, New York, New York 10003, within 30 days of the date of Defendants' receipt of these Requests.  Plaintiff further requests that each Defendant produce copies of all documents, electronically stored information, and things in their possession, custody, or control, as described in the RFPs, to the attorneys for Plaintiff, David B. Shanies Law Office, 411 Lafayette Street, Sixth Floor, New York, New York 10003, and/or make any such materials available for inspection, testing, copying, or photographing, within 30 days of Defendants' receipt of these Requests.

      PLEASE TAKE FURTHER NOTICE that these Interrogatories and RFPs are continuing so as to require Defendants to supplement their responses in the event any Defendant

acquires further information, documents, or other materials between the time the answers are served and the time of trial.

Plaintiff reserves the right to propound additional interrogatories and/or requests for production during the pendency of fact discovery in this case.

## DEFINITIONS

1. Local Rule 26.3 of the U.S. District Court for the Eastern District of New York is incorporated herein by reference. "Person" means natural persons, firms, proprietorships, associations, partnerships, corporations, governmental entities and agencies, and every other type of organization or entity.

2. As used herein, the terms "identify", "identity" or "identification":

   (a) when used in reference to an individual person means to state his or her full name and present or last-known address and his or her present or last known position and business affiliation;

   (b) when used in reference to a business operating, firm, corporation, partnership, joint venture or association, means to state its full name and address; and

   (c) when used in reference to a document, means to state the date, author, recipient, type of document (e.g., letter, memoranda, report, etc.) or some other means of identifying it, and the present location and custodian of the original document.

3. The term "concerning", including any variant thereof, includes referring to, responding to, relating to, connected with, commenting on or in respect of, analyzing, touching upon, constituting and being and is not limited to contemporaneous events, actions, communications or documents.

4. "Document" or "Documents" means writing or record of any type or description, including in electronic form, including but not limited to the original or any non-identical copy, regardless of origin or location of any paper, book, pamphlet, newspaper, magazine, periodical, letter, memorandum, telegram, report, record, study, interoffice or intra office communication, handwritten or note, diary, invoice, purchase order, bill of lading, promissory note, check, bank draft, financial record, transcript of court proceeding and/or hearing, transcript of telephone conversation and any

other retrievable data processing card, or any other written, electronic, recorded, transcribed, punched, taped, filmed or graphic matter however produced or reproduced to which you have access.

5. As used herein, the term "state whether" means (i) to provide a "yes" or "no" response to the inquiry, or (ii) in the event you cannot provide a "yes": or "no" response, to set forth the reason or reasons you cannot so respond and otherwise respond fully and accurately in accordance with the information you have available to you.

6. "State," "describe," "set forth," or "specify in detail" means to answer the question, identifying all persons involved therein or having knowledge thereof, identifying any documents which form the basis of your knowledge or belief, indicating upon what basis other than documents you base your knowledge or belief, providing all facts upon which you rely, supplying all dates in chronological order and in all other fashion providing a full and complete statement of your knowledge or belief with regard to the question.

7. The words "and" and "or" shall be interpreted both conjunctively and disjunctively so as to be in all cases inclusive rather than exclusive.

8. The singular includes the plural and the plural includes the singular.

## INSTRUCTIONS

In answering each Interrogatory:

A. Identify each document requested, or relied upon or which forms the basis for the answer given or which corroborates the answer given or the substance of which is the basis for the answer given or which corroborates the answer given or the substance of which is given in answer to the Interrogatory.

B. In answering these Interrogatories, each Defendant is requested to furnish all information known or available to it regardless of whether this information is possessed directly by any Defendant or by any Defendant's agents, employees, representatives, investigators, by their present or former attorneys or their agents, employees, representatives, or investigators, by any Defendant's

affiliates or predecessors, or by their or with which they are in any manner affiliated.

C. If the answer to all or any part of an Interrogatory is not presently known by or available to you, include a statement to that effect, specifying the portion of the Interrogatory which cannot be answered completely. The omission of any name, fact or other item of information from an answer shall be deemed a representation that such name, fact, or item is not known to you.

D. If any of these Interrogatories cannot be answered in full, answer to the extent possible, specifying the reasons for any Defendant's inability to answer the remainder and stating whatever information, knowledge, or belief such Defendant has concerning the unanswered portion.

E. These Interrogatories are continuing in nature. If, after answering the Interrogatories, any Defendant obtains or becomes aware of any further information responsive to these interrogatories, Defendant is required to make a supplemental interrogatory answer.

F. If any information requested by these Interrogatories is claimed to be immune from discovery on the grounds of privilege, the basis of the privilege and a description of the information sufficient to enable a court to decide if the privilege has been properly invoked should be specified.

H. To the extent a document (or identification of a document) is sought herein and the document was, but is no longer in your possession, subject to your control, or in existence, state whether it: (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of; state the date or approximate date of disposition of the document; state the author(s), sender(s), recipient(s) and copyee(s) of the document; summarize the contents of the document; identify the person who authorized its transfer, destruction, or other disposition; state whether the original or a copy thereof is within the possession, custody, or control of any other person; and identify such person(s).

I. If you answer any Interrogatory by stating that the answer can be ascertained from documents you are producing in response to a RFP or otherwise pursuant to your discovery obligations in this proceeding, please refer to the specific documents from which the answer can be ascertained. In

addition, whenever any Interrogatory is answered by reference to documents from which the answer may be derived or ascertained, as permitted by the FRCP:

      a)     The specification of documents to be produced shall be in sufficient detail to permit the interrogating party to locate and identify the records and to ascertain the answer as readily as could the party from whom the discovery is sought.

      b)     The producing party shall make available any computerized information or summaries that it either has, or can adduce by relatively simple procedure, unless these materials are privileged or otherwise protected from discovery.

      c)     The producing party shall provide any relevant compilations, abstracts or summaries in its custody or readily obtainable by it, unless these materials are privileged or otherwise protected from discovery.

J.     To the extent the answer to an Interrogatory varies from time to time, please provide answers for each time period and specify the time period to which each part of the answer corresponds.

K.     Unless otherwise specified, the time period pertaining to these Discovery Requests is May 1, 2018 to Present.

## INTERROGATORIES

1.     Identify each person with whom Defendant Lawrence Shewark spoke, emailed, texted, and/or communicated with in any form concerning this action, including, but not limited to, communications regarding potential experts in this matter.

2.     Identify each phone number you used (including cell phone(s), work phone(s), and home phone(s)) during the relevant time period.

## DOCUMENT REQUESTS

1.     All Documents constituting or concerning communications with any person from or to Lawrence Shewark concerning Rita Dave, Ernesto Pizzaro, Michael McAdorey, Mark Pucci, and/or David Douglas, including, but not limited to: emails, text messages, instant messages, voice messages, or any other written or electronic material.

2. All phone records within your possession, custody, or control (including account records to which you have access) for each cell phone and home telephone account you have used for communications concerning this action, including, but not limited to, communications regarding potential experts in this matter.

Dated: March 12, 2019
      New York, New York

DAVID B. SHANIES LAW OFFICE

By: /s/ David B. Shanies
David B. Shanies
Joel A. Wertheimer
411 Lafayette Street, Sixth Floor
New York, New York 10003
(212) 951-1710 (Tel)
(212) 951-1350 (Fax)
david@shanieslaw.com
joel@shanieslaw.com

*Counsel for Plaintiff Rita Dave*