DAVID B. SHANIES LAW OFFICE
David B. Shanies
Deborah I. Francois
411 Lafayette Street, Sixth Floor
New York, New York 10003
(212) 951-1710 (Tel)
(212) 951-1350 (Fax)
*david@shanieslaw.com*
*deborah@shanieslaw.com*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RITA DAVE,

                Plaintiff,

— against —

THE COUNTY OF SUFFOLK, DETECTIVE INVESTIGATOR LAWRENCE SHEWARK, P.O. JANE DOE, and P.O.S JOHN DOE #1-10,

                Defendants.

Case No. 15-CV-3864 (JMA) (ST)

**PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR SANCTIONS AND RELATED RELIEF AGAINST DEFENDANT LAWRENCE SHEWARK**

# TABLE OF CONTENTS

Preliminary Statement ........................................................................................................................ 1

Argument ........................................................................................................................................... 2

I.    Defendant Shewark's Discovery Misconduct Merits Rule 37 Sanctions .................................... 2

      A.    The Text Message Is Relevant and Responsive to Discovery Requests ............................ 2

      B.    The Court Issued an Order and Defendant Shewark Violated It ........................................ 4

      C.    Defendant Shewark Spoliated the Metadata Underlying the Text Message ...................... 5

II.    Rule 11 Sanctions Are Warranted ................................................................................................ 5

III.   Defendant Shewark Provides No Substantive Rebuttal to Plaintiff's Request for Sanctions Under the Court's Inherent Power ............................................................................................... 8

IV.   The Forms of Relief Requested by Plaintiff Are Proper and Warranted ..................................... 8

V.    A Referral to the United States Attorney's Office Is Appropriate ............................................. 10

Conclusion ........................................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Bletas v. Deluca*, No. 11 Civ. 1777 (NRB), 2011 U.S. Dist. LEXIS 133132 (S.D.N.Y. Nov. 14, 2011) ............................................................................................................................................. 7

*Cruz v. G-Star Inc.*, No. 17-CV-7685 (PGG) (OTW), 2019 U.S. Dist. LEXIS 102686 (S.D.N.Y. June 19, 2019) ................................................................................................................................ 5, 7, 9

*Dugan v. United States*, No. 11-cv-3973 (SLT), 2015 U.S. Dist. LEXIS 119041 (E.D.N.Y. Sept. 3, 2015) ........................................................................................................................................ 10

*Enmon v. Prospect Capital Corp.*, 675 F.3d 138 (2d Cir. 2012) ........................................................ 8

*Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388 (2d Cir. 1989) .................................... 7

*Margo v. Weiss*, 213 F.3d 55 (2d Cir. 2000) ...................................................................................... 9

*Margo v. Weiss*, No. 96 Civ. 3842 (MBM), 1998 U.S. Dist. LEXIS 17258 (S.D.N.Y. Oct. 28, 1998) 9

*Ottoson v. SMBC Leasing & Fin., Inc.*, 268 F. Supp. 3d 570 (S.D.N.Y. 2017) .................................. 9

*Quinby v. WestLB AG*, No. 04 Civ. 7406 (WHP) (HBP), 2005 U.S. Dist. LEXIS 35583 (S.D.N.Y. Dec. 15, 2005) .................................................................................................................................. 4

*Rates Tech., Inc. v. Mediatrix Telecom, Inc.*, No. CV 05-2755 (JS) (AKT), 2008 U.S. Dist. LEXIS 120291 (E.D.N.Y. Sept. 2, 2008) ...................................................................................................... 9

*Resnik v. Coulson*, No. 17-CV-676 (PKC) (SMG), 2019 U.S. Dist. LEXIS 92159 (E.D.N.Y. Jan. 4, 2019) .................................................................................................................................................. 5

*Ronnie Van Zant, Inc. v. Pyle*, 270 F. Supp. 3d 656 (S.D.N.Y. 2017) .................................................. 7

*Rosario v. Receivable Mgmts. Servs. Corp.*, No. 11 Civ. 8720 (DLC), 2012 U.S. Dist. LEXIS 86550 (S.D.N.Y. June 20, 2012) .................................................................................................................. 7

*S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123 (2d Cir. 2010) ............................................. 2

*Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323 (2d Cir. 1999) ......................................... 8

*Star Mark Mgmt. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170 (2d Cir. 2012) . 5, 6, 7

*Summit Tax Exempt L.P. II v. Berman*, No. 88 Civ. 5839 (RJW), 1989 U.S. Dist. LEXIS 8312 (S.D.N.Y. July 19, 1989) ................................................................................................................... 7

**Rules**

Fed. R. Civ. P. 11 ............................................................................................................................... 7

Fed. R. Civ. P. 34 ............................................................................................................................... 3

Plaintiff Rita Dave respectfully submits this reply memorandum in further support of her motion (Docket Entry ("DE") 80) (the "Motion") for sanctions and related relief under Federal Rules of Civil Procedure 11 and 37 and the Court's inherent power.

## PRELIMINARY STATEMENT

For all of Defendant Lawrence Shewark's protestations that the grounds for this Motion are "fabricated," "speculative," and "a non-issue," (DE 83 at 1-2), he does not dispute that his declaration, executed pursuant to this Court's Order entered July 9, 2020, was false. A false declaration by a sworn police officer is very much an "issue," especially when it is produced pursuant to a Court Order. To this day, Defendant Shewark has not retracted or corrected his false declaration, despite receiving Plaintiff's Rule 11 "safe harbor" letter more than five months ago. Moreover, this Court relied on the promise of Defendant Shewark's declaration in ruling on Plaintiff's discovery motion. Nor was Defendant Shewark's misrepresentation about a collateral issue; his communications with non-party Ernesto Pizarro about Plaintiff's expert witness have been central to the "witness tampering" discovery that has now stretched over two years. And while Defendant Shewark's attorneys allude to the possibility that the false declaration was "based on mistake, confusion, or faulty memory," (*id.* at 16), he conspicuously fails to provide a sworn statement to that effect. Defendant Shewark has never sworn to a lack of recollection.

Defendant Shewark concedes that his false declaration justifies granting relief to Plaintiff. He agrees that he must reopen his own deposition "at Defendants' cost," reimburse Plaintiff for past and future e-discovery costs, and produce his cell phone for independent forensic examination (the very relief that Plaintiff sought in her prior motion). (*See id.* at 10, 17.) The question before the Court is the extent of relief warranted here. By deleting his text messages, concealing their existence, omitting responsive information from his discovery responses, and giving a false declaration in response to a Court order, Defendant Shewark has wasted a massive amount of time and resources and subverted the integrity of these proceedings. This conduct—particularly when committed by a police officer—merits severe condemnation and sanctions.

# ARGUMENT[1]

## I. Defendant Shewark's Discovery Misconduct Merits Rule 37 Sanctions

### A. The Text Message Is Relevant and Responsive to Discovery Requests

Despite the fact that Plaintiff luckily discovered the deleted text message through her own efforts, the Second Circuit, "along with the Supreme Court, have consistently rejected the 'no harm, no foul' standard for evaluating discovery sanctions." *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010). The Second Circuit observed that "[a]lthough *one* purpose of Rule 37 sanctions may in some cases be to protect other parties to the litigation from prejudice resulting from a party's noncompliance with discovery obligations, Rule 37 sanctions serve other functions unrelated to the prejudice suffered by individual litigants[.]" *Id.* at 148-49 (citations omitted). Such sanctions are also intended to "serve a general deterrent effect on the case at hand and on other litigation." *Id.* at 149 (citations omitted).

Defendant Shewark's assertion that the message is irrelevant and unresponsive to Plaintiff's discovery requests, (DE 83 at 13-15), defies logic. In opposing Plaintiff's request for an independent forensic analysis of his phone to attempt recovery of the deleted message and/or related metadata, Defendant Shewark's argument was that the message *did not relate in any way to Mr. Douglas*. (*See* DE 80-13 at 3:17-24.) Now faced with evidence contradicting that assertion, Defendant Shewark tries to deflect by arguing that the text message did not "concern the litigation." (DE 83 at 14.) It is beyond dispute that Defendant Shewark's statement that Mr. Douglas "switched teams" and would do "anything" for money referred to Mr. Douglas's participation as an expert in this case. That means it concerned the litigation. Given that the message is about Mr. Douglas and his involvement in this case, it is plainly relevant and responsive to Plaintiff's discovery requests for all documents prepared by

---

1. Plaintiff relies on the recitation of facts set forth in her Motion and the documents cited therein. Defendant Shewark does not meaningfully contest Plaintiff's recitation of the facts, but rather obfuscates with unsupported insinuations (*e.g.*, that non-party Mr. Pizarro was "overly cooperative with Plaintiff's counsel" (DE 83 at 1 n.2)), falsehoods (*e.g.*, that Plaintiff's expert Mr. Douglas is Plaintiff's "close, personal friend" and an "unpaid 'expert'" (*id.* at 1)), and distractions (*e.g.*, meritless complaints about Plaintiff's counsel's objections at a deposition, for which Defendants never sought relief (*id.* at 4 n.3)).

Defendant Shewark relating to Plaintiff, and for any communications, including text messages, that Defendant Shewark exchanged with any other person concerning Plaintiff, Mr. Douglas, or Mr. Pizarro. (*See* DE 80-5 at 5; DE 80-6 at 5; DE 80-7 at 4.)[2]

Yet another evasive tactic Defendant Shewark uses is to try to distract the Court with baseless allegations regarding Mr. Douglas's credibility and mischaracterizations of his deposition testimony. He describes Mr. Douglas as Plaintiff's "close, personal friend" and "unpaid 'expert,'" (DE 83 at 1; *see also id.* at 6-7), seemingly to imply that Mr. Douglas is untrustworthy. Mr. Douglas both testified that he will be paid for his expert work in this case and answered in the negative when counsel asked whether he and Plaintiff are "close friends." (Ex. 1 (Douglas Dep. Tr.) at 57:13-19; 91:8-93:5.) Defendant Shewark provides no evidence to support the implication that Mr. Douglas lied about being contacted by a colleague who reported that Mr. Pizarro wanted to speak with Mr. Douglas about his involvement in this case, and Mr. Pizarro's asking whether Mr. Douglas knew he was "going against" a fellow officer (*i.e.*, Defendant Shewark).[3] That is because there is no such evidence. Defendant Shewark also claims that Mr. Douglas admitted during his deposition that there was no basis for his belief that Defendant Shewark was behind Mr. Pizarro's call to the colleague. (DE 83 at 7.) That is false. Mr. Douglas testified that the only logical conclusion was that Mr. Pizarro made the call on behalf of Detective Shewark, given that Mr. Pizarro asked about Mr. Douglas only after Mr. Douglas became involved in this case, and Mr. Pizarro had no involvement in the case and therefore no reason of his own to ask about Mr. Douglas's role. (Ex. 1 (Douglas Dep. Tr.) at 102:9-23, 103:11-16, 104:21-105:12.)

---

2. Defendant Shewark now claims that Plaintiff's discovery request for communications concerning Mr. Douglas was "overbroad," (DE 83 at 14), when he never previously objected on overbreadth grounds. In his responses, Defendant Shewark generally objected to Plaintiff's requests on the grounds that some terms were not defined and that Plaintiff made "form requests," did not use "reasonable particularity," and was "unduly repetitive." (DE 80-8 at 2-3.) His responses included no other general objections and no specific objections to this particular request. (*See id.* at 2-4.) General objections are no longer permitted under Rule 34, and even where a specific objection is made, a party must state whether responsive materials exist. Fed. R. Civ. P. 34(b)(2)(B)-(C).

3. Mr. Pizarro recalls obtaining Mr. Douglas's phone number through their mutual colleague and directly contacting Mr. Douglas, while Mr. Douglas recalls speaking only with the colleague, who relayed Mr. Pizarro's message to him. No matter which of them is remembering correctly, their difference in recollection does not negate the point that Mr. Pizarro conveyed a message to Mr. Douglas on behalf of Defendant Shewark.

Defendant Shewark cannot ignore the mounting evidence supporting the allegations that he engaged in witness tampering. Such evidence includes, *inter alia*, Mr. Pizarro's deposition testimony regarding his understanding that Defendant Shewark was trying to use him to tamper with Mr. Douglas as a witness. It now also includes the recovered message, as well as Mr. Douglas's deposition testimony that he viewed Mr. Pizarro's communication to their mutual colleague "as an attempt to discourage [Mr. Douglas] from testifying" against Defendant Shewark. (*Id.* at 116:9-14; *see also id.* at 102:6-8 ("It seemed like they were trying to influence the way I would go about this case or my involvement in it.").) Defendant Shewark devotes much space in his brief to arguing about what inferences should be drawn from the evidence, (*see generally* DE 83 at 4-9), but this is subterfuge: The issue at hand is his discovery misconduct.

### B. The Court Issued an Order and Defendant Shewark Violated It

Defendant Shewark next argues that sanctions under Rule 37(b)(2) are unwarranted because there was no order issued by the Court with which he failed to comply. (DE 83 at 11.) He is wrong. There was plainly a Court order, as reflected in the transcript of the July 8, 2020 hearing on Plaintiff's motion to compel and in the minute entry on the docket dated July 9, 2020. (*See* DE 80-13 at 23:15-16 ("I am going to, like I said, order [Defendant Shewark] to produce the affidavit."); Minute Entry dated July 9, 2020 ("Defendant Shewark is directed to provide a sworn affidavit regarding the content of the missing text messages.").) Defendant Shewark's own declaration acknowledges that he was providing the statement precisely because "the Court directed that [he] furnish a sworn statement to plaintiff on the limited issue of whether the text messages concerned plaintiff's expert, David Douglas." (DE 80-14 ¶ 3.) Furthermore, by falsely stating in his declaration that his text message with Mr. Pizarro did not relate to Mr. Douglas, Defendant Shewark violated the Court's order, implicit in which was a requirement that the declaration be *truthful*. *See Quinby v. WestLB AG*, No. 04 Civ. 7406 (WHP) (HBP), 2005 U.S. Dist. LEXIS 35583, at *13 (S.D.N.Y. Dec. 15, 2005). For Defendant Shewark to argue otherwise is beyond the pale.

4

### C. Defendant Shewark Spoliated the Metadata Underlying the Text Message

Plaintiff satisfies the requirements warranting sanctions under Rule 37(e) for spoliation of electronically stored information ("ESI"). As discussed above and in Plaintiff's opening brief, Defendant Shewark was required to preserve the message and its metadata, given that the message related to Plaintiff's expert witness in this case and was responsive to two of Plaintiff's discovery requests—both Plaintiff's initial discovery requests and her more targeted "witness tampering" discovery requests. (*See supra* pp. 2-4; DE 80-1 at 12-14.) Although Plaintiff was able to obtain the message's content through a forensic examination of Mr. Pizarro's phone, she does not have the message's underlying metadata from Defendant Shewark's phone, including the date of deletion. Because of Defendant Shewark's refusal to take any step to preserve the metadata and his continued use of his device, such metadata may have been permanently overwritten. Indeed, according to Defendant Shewark, he forensically imaged his phone twice and obtained "negative results" both times. (DE 75 at 1 n.1) The message's underlying metadata therefore may not be restored or replaced through additional discovery, and Defendant Shewark has offered no evidence suggesting otherwise. *See Cruz v. G-Star Inc.*, No. 17-CV-7685 (PGG) (OTW), 2019 U.S. Dist. LEXIS 102686, at *36-37 (S.D.N.Y. June 19, 2019) (rejecting defendants' claim that ESI could be replaced, where proposed search had not been conducted, "making it impossible for th[e] [c]ourt to evaluate its efficacy"); *Resnik v. Coulson*, No. 17-CV-676 (PKC) (SMG), 2019 U.S. Dist. LEXIS 92159, at *39 (E.D.N.Y. Jan. 4, 2019) (noting how deleted ESI may become unrecoverable if overwritten with new data, and finding that subject ESI could not be restored or replaced where defendant did not argue or present any evidence indicating otherwise).

## II. Rule 11 Sanctions Are Warranted

Defendant Shewark argues that Rule 11 sanctions are improper because Plaintiff allegedly did not satisfy the Rule's procedural requirements. This argument is without merit, as are Defendant's efforts to distinguish this case from *Star Mark Management v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170 (2d Cir. 2012). Plaintiff complied with Rule 11's "safe harbor" provision by serving Defendant Shewark with a detailed draft notice of motion and explanatory letter outlining the

5

sources of authority for the sanctions sought, Defendant Shewark's specific conduct warranting sanctions, and the relief Plaintiff intended to seek. *See Star Mark Mgmt. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.,* 682 F.3d 170, 175 (2d Cir. 2012) ("Rule 11 and principles of due process require that 'the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense.'" (citation omitted)). *Star Mark* makes clear that Plaintiff was not required to provide Defendant Shewark with anything beyond this. *See id.* at 176 (finding letter and notice of motion sufficient under Rule 11, which "does not require the service of a memorandum of law or affidavits," and noting that "[a] 'motion' can take different forms," as "it is distinct from a memorandum of law or affidavit").[4]

According to Defendant Shewark, *Star Mark* is distinguishable because the "safe harbor" letter there requested that the plaintiff withdraw its complaint, whereas Plaintiff's letter here did not expressly demand that Defendant Shewark amend or withdraw his discovery responses or false declaration. That distinction is of no consequence. What matters is that Plaintiff specified all the relief she was seeking in both the draft notice of motion and "safe harbor" letter, therefore putting Defendant Shewark on notice of the measures necessary to appropriately correct his misconduct. (*See* DE 80-16; Ex. 2 (Safe Harbor Letter and Draft Notice of Motion).)[5] Defendant has made similar statements elsewhere— *see, e.g.*, DE 83 at 10 ("Defendants would have updated the discovery responses if Plaintiff so desired[.]"); DE 80-10 at 1 ("I have not spoken with the detective so I can't even tell you what he has. If you'd like, I could ask him.")—as though it is Plaintiff's responsibility to ensure Defendant Shewark's compliance with his discovery obligations. That is Defendant Shewark's responsibility.

---

4. Rule 11's "safe harbor" provision does not apply to sanctions sought under Rule 37 or the Court's inherent power. Here, Plaintiff moves for sanctions against Defendant Shewark under all three sources of the Court's authority. Accordingly, even assuming, *arguendo*, that Plaintiff failed to comply with Rule 11's safe harbor provision, sanctions would still be warranted pursuant to the remaining two sources.

5. The "safe harbor" letter also noted the availability of other sanctions that Plaintiff could seek pursuant to Rule 37 and the Court's inherent power, including an adverse inference instruction regarding any spoliated metadata.

Defendant Shewark concedes that he did not consent to Plaintiff's request to search his phone's metadata indicating when he deleted his message to Mr. Pizarro *and* when he deleted messages exchanged with other individuals. The latter set of metadata is relevant to whether Defendant Shewark routinely deleted his text messages with everyone, as his attorney has previously suggested, or selectively deleted his messages with Mr. Pizarro. *Cruz*, 2019 U.S. Dist. LEXIS 102686, at *45-46 (finding "the timing of the deletion" of ESI to be "instructive," and concluding there was sufficient evidence to infer that defendants intended to deprive plaintiff of such ESI); *Ronnie Van Zant, Inc. v. Pyle*, 270 F. Supp. 3d 656, 670 (S.D.N.Y. 2017) (finding that selective backing up of ESI "evince[d] the kind of deliberate behavior that sanctions are intended to prevent and weigh in favor of an adverse inference"). Defendant Shewark also refused to pay all of the requested attorneys' fees and costs as Plaintiff specified during a meet-and-confer on September 1, 2020 and in her "safe harbor" letter. While he consented to cover the costs of his deposition and of forensically examining his and Mr. Pizarro's phones, he has not agreed to pay *fees* for those necessary steps; nor the fees for Plaintiff's motion to compel, seeking the deleted message from sources other than Defendant Shewark, and pursuing the instant motion for sanctions. Those fees were all caused by Defendant Shewark's discovery misconduct.

Because Defendant Shewark's partial offer did not "withdraw[] or appropriately correct[]" his misconduct, Fed. R. Civ. P. 11(c)(2), Plaintiff satisfied Rule 11's technical requirements. *See, e.g.*, *Rosario v. Receivable Mgmts. Servs. Corp.*, No. 11 Civ. 8720 (DLC), 2012 U.S. Dist. LEXIS 86550, at *15-16 (S.D.N.Y. June 20, 2012) (finding "safe harbor provision" satisfied and imposing Rule 11 sanctions where amended complaint did not appropriately correct deficiencies); *Bletas v. Deluca*, No. 11 Civ. 1777 (NRB), 2011 U.S. Dist. LEXIS 133132, at *38-40 (S.D.N.Y. Nov. 14, 2011) (same).[6]

---

6. Defendant Shewark further contends that Rule 11 sanctions are unwarranted because he submitted his declaration "after careful consideration." (DE 83 at 20). He provides no support for this claim and simply relies on two cases stating that courts should "resolve all doubts in favor of the signer." (*Id.*) Although courts may be advised as such, Rule 11 also "compels the court to focus on [the signer's] conduct at the time of the submission in deciding if a reasonable inquiry has been made." *Summit Tax Exempt L.P. II v. Berman*, No. 88 Civ. 5839 (RJW), 1989 U.S. Dist. LEXIS 8312, at *12 (S.D.N.Y. July 19, 1989). "No *post hoc* justification will cure a violation of Rule 11, where [the signer] failed to make adequate inquiry at the time of the submission." *Id.* (citing *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 390 (2d Cir. 1989)). Moreover, the Rule 11 analysis uses an objective standard and not one "based on the subjective beliefs of the person making the statement." *Star Mark*, 682 F.3d at 177 (citation omitted). Here, Defendant Shewark's false declaration was objectively unreasonable,

### III. Defendant Shewark Provides No Substantive Rebuttal to Plaintiff's Request for Sanctions Under the Court's Inherent Power

Defendant Shewark offers only conclusory statements in response to Plaintiff's request for sanctions under the Court's inherent power.[7] He insists, for example, that such sanctions are unwarranted because his "defenses have merit, were ground in law and fact, and were made with a proper purpose." (DE 83 at 21). Yet he provides no basis for this claim. He does not indicate how or why he forgot what the message was about; what efforts, if any, he undertook to confirm the subject of the message; or why he failed to qualify his attestations in his declaration. In contrast, Plaintiff provided forensic evidence (*i.e.*, the recovered message) that Defendant Shewark's deletion of the message, refusal to preserve the message and its metadata, and misrepresentations about its content were "without a colorable basis." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999). Plaintiff also provided clear evidence that these actions were made in bad faith, given that "[b]ad faith can be inferred when the actions taken are 'so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose.'" *Id.* at 338 (citation omitted).

### IV. The Forms of Relief Requested by Plaintiff Are Proper and Warranted

Defendant Shewark claims that Plaintiff's request for additional discovery "seeks discovery on issues that were already resolved." (DE 83 at 9.) As discussed above, however, although Defendant Shewark consented to a deposition and a limited independent forensic analysis of his phone, he refused to consent to an analysis that would include a search for metadata indicating when he deleted his messages to Mr. Pizarro and others. Such metadata are relevant given defense counsel's argument that Defendant Shewark deleted the message as part of a routine clean-up of his phone, and Defendant

---

given that he was the one who sent the message, he had limited correspondence with Mr. Pizarro and therefore could not have merely forgotten the substance of one of the few messages they ever exchanged, his misrepresentation went to the very heart of the issue, and he has not indicated what inquiry he made before making the unequivocal statements in his declaration.

7. Defendant Shewark conflates sanctions imposed under 28 U.S.C. § 1927—which Plaintiff is not seeking here—and those imposed under a court's inherent power. (*See* DE 83 at 20, 21 n.8.) The two share some overlap but are different, in that "awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (citation omitted).

Shewark's failure to provide any other explanation as to when and why he deleted his message to Mr. Pizarro. *See Cruz*, 2019 U.S. Dist. LEXIS 102686, at *45-46. Accordingly, Plaintiff's request is not punitive and is instead intended and necessary to make her whole.

Plaintiff's request for monetary relief is likewise appropriate and necessary to compensate Plaintiff for the fees and costs she incurred as a direct result of Defendant Shewark's misconduct. Had Defendant Shewark produced his message to Plaintiff as required,[8] Plaintiff would not have been forced to, *inter alia*, engage in a long-running correspondence with defense counsel about the production of the text messages and related information, pursue the deleted message through other means, engage forensic experts to examine a non-party's phone, participate in numerous meet-and-confers, file her motion to compel, or file the instant motion. *See Rates Tech., Inc. v. Mediatrix Telecom, Inc.*, No. CV 05-2755 (JS) (AKT), 2008 U.S. Dist. LEXIS 120291, at *26 (E.D.N.Y. Sept. 2, 2008) ("Monetary sanctions that reimburse a party for expenses caused by the failure to cooperate with discovery requests are the mildest form of sanction that can be imposed." (citation omitted)); *Margo v. Weiss*, No. 96 Civ. 3842 (MBM), 1998 U.S. Dist. LEXIS 17258, at *8 (S.D.N.Y. Oct. 28, 1998), *aff'd*, 213 F.3d 55 (2d Cir. 2000).

Finally, given Defendant Shewark's intent to deprive Plaintiff of the message and its metadata, an adverse inference instruction is warranted under Rule 37 and the Court's inherent power to the extent that any metadata have been spoliated. Defendant Shewark claims he "did not recall" that the message was about Mr. Douglas and Mr. Douglas's involvement in this case. (*See* DE 83 at 6.) Notably, however, he does not give any explanation (much less a sworn statement) as to why he deleted the message in the first place. As such, an adverse inference instruction is proper and would help "ameliorate any prejudice to [Plaintiff] by filling the evidentiary gap created by the party that destroyed evidence." *Ottoson v. SMBC Leasing & Fin., Inc.*, 268 F. Supp. 3d 570, 584 (S.D.N.Y. 2017) (citation omitted).

---

8. Defendant Shewark's assertion that Plaintiff was required to try to obtain the message from Mr. Pizarro before seeking it from Defendant Shewark is meritless. (*See* DE 83 at 15.) His argument is at direct odds with courts' routine holdings that held that where an opposing party and a non-party both possess documents, the documents should be sought from the party to the case. *See, e.g.*, *Catlin Syndicate 2003 v. Traditional Air Conditioning, Inc.*, No. 17-CV-2406 (JFB) (AYS), 2018 U.S. Dist. LEXIS 48859, at *20 (E.D.N.Y. Mar. 23, 2018) (quashing non-party subpoena as unduly burdensome where document could have been requested from party).

9

Defendant Shewark's point that he has not yet testified about the reason for his deleting the message is all the more reason why Plaintiff is entitled, at the very least, to a deposition of Defendant Shewark.

V.      **A Referral to the United States Attorney's Office Is Appropriate**

Defendant Shewark's perjury is not a "[s]imple inaccurac[y] or inconsistenc[y]," (DE 83 at 23), as Defendant Shewark would have the Court believe. His false statement in his declaration about the subject of his message was a statement made under oath, in unequivocal terms, and pursuant to a Court Order. The declaration reflects Defendant Shewark's choice not to state that he *did not recall* the content of the message but instead to *misrepresent* its content. It was a statement made by an active, sworn law enforcement officer who is a defendant in an action about police misconduct. Defendant Shewark knew what was at stake when he submitted his false declaration. In light of the forensic and other evidence that Defendant Shewark committed perjury, a referral to the United States Attorney's Office is proper. *See Dugan v. United States*, No. 11-cv-3973 (SLT), 2015 U.S. Dist. LEXIS 119041, at *3-7, *14 (E.D.N.Y. Sept. 3, 2015). Whether Defendant Shewark's false statement was made with the requisite *mens rea* is a determination for the United States Attorney's Office to make after conducting the investigation it deems appropriate.

## CONCLUSION

For the reasons set forth above and in Plaintiff's opening brief, Plaintiff respectfully requests that the Court grant Plaintiff's motion for sanctions against Defendant Shewark and award Plaintiff all relief sought, as well as any such further relief as the Court deems just and proper.

DAVID B. SHANIES LAW OFFICE

New York, New York  
Dated: February 18, 2021

By: /s/ David B. Shanies  
David B. Shanies  
Deborah I. Francois  
411 Lafayette Street, Sixth Floor  
New York, New York 10003  
(212) 951-1710 (Tel)  
(212) 951-1350 (Fax)

*Counsel for Plaintiff Rita Dave*